UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

July 17, 2020

LETTER TO COUNSEL

    RE:   *Richard W. v. Saul*
            Civil No. DLB-19-2316

Dear Counsel:

      On August 12, 2019, Plaintiff Richard W. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny his claim for Disability Insurance Benefits. ECF No. 1. I have considered the parties' cross-motions for summary judgment. ECF Nos. 11 ("Pl.'s Mot."), 14 ("Def.'s Mot."). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the Commissioner's decision in part, and remand the case to the Commissioner for further consideration. This letter explains my rationale.

      Plaintiff filed his claim for benefits on March 11, 2016, alleging a disability onset date of September 30, 2015.[1] Administrative Transcript ("Tr.") 225. His claim was denied initially and on reconsideration. Tr. 119-22, 124-25. A hearing was held on May 1, 2018 before an Administrative Law Judge ("ALJ"). Tr. 62-87. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 10-20. The Appeals Council denied Plaintiff's request for review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA.

      The ALJ found that Plaintiff suffered from the severe impairments of "lumbar and thoracic spine degenerative disc disease; bipolar disorder; [and] anxiety disorder." Tr. 13. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) with the following exceptions: occasionally climbing ramps or stairs; never climbing ladders, ropes,

---

[1] Plaintiff amended his alleged onset date at the hearing to a closed period of disability beginning April 1, 2016 and ending January 9, 2018. Tr. 10, 246.

> or scaffolds; and occasionally balancing, stooping, kneeling, crouching, or crawling. Due to mental impairment, the claimant was limited to performing work that does not involve a production-rate pace.

Tr. 15. After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could perform his past relevant work as a plater supervisor. Tr. 20. Therefore, the ALJ concluded that Plaintiff was not disabled. *Id*.

On appeal, Plaintiff challenges the ALJ's RFC assessment. Pl.'s Mot. 5-13. Specifically, Plaintiff argues that the ALJ failed to set forth an adequate narrative discussion explaining the RFC, that the ALJ failed to properly address his mental impairment, and that the ALJ's failure to define "production-rate pace" prevents judicial review. I agree that the ALJ's RFC assessment was inadequate under Fourth Circuit precedent and that remand is warranted. In remanding for further explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.

Plaintiff argues that the ALJ's failure to explain or define what she meant by "production-rate pace" was error. *Id*. at 8-11. For support, he cites to the Fourth Circuit's decisions in *Thomas v. Berryhill*, 916 F.3d 307 (4th Cir. 2019), and *Perry v. Berryhill*, 765 F. App'x 869 (4th Cir. Mar. 8, 2019) (unpublished). In *Thomas*, the Fourth Circuit explained that the ALJ's failure to define "production rate or demand pace" frustrated appellate review. 916 F.3d at 312; *see also Perry*, 765 F. App'x at 872 (remanding for ALJ's failure to define "non-production oriented work setting"). Here, the ALJ's RFC – and accompanying hypothetical to the VE – included a limitation to "performing work that does not involve a production-rate pace," Tr. 15, 83-84, without further definition or explanation. The term "production-rate pace" is similar to the terms "production rate" and "demand pace" that the Fourth Circuit found frustrated appellate review in *Thomas*. *See also Yvonne M. v. Comm'r, Soc. Sec. Admin.*, Civil No. 18-2034-RDB, 2019 WL 2058834, at *2 (D. Md. May 9, 2019), *report adopted* 2019 WL 3546663 (May 29, 2019) (remanding where "ALJ provided no definition of a 'work environment free of fast-paced production requirements' or any of the relevant components of that phrase"). Therefore, remand is warranted to allow the ALJ to explain what she meant by "production-rate pace" in the context of Plaintiff's claim. Without an explanation or definition of that term, I cannot conduct a substantial evidence review.

The Commissioner attempts to distinguish this case from *Thomas* by framing Plaintiff's argument as "whether the VE understood the restrictions as presented by the ALJ at the administrative hearing," and not "whether the inclusion of the restrictions in the RFC determinations was supported by substantial evidence." Def.'s Mot. 9. The Commissioner contends that the *Thomas* court was concerned with the latter. *Id*. Plaintiff framed his argument as a flaw in the RFC assessment. In any event, it is a distinction without a difference because the ALJ used the same term in the hypothetical and in the RFC discussion. *See Ursula G.*, Civil No. SAG-18-1841, 2019 WL 2233978, at *2 (May 23, 2019) ("Plaintiff presents the argument as a flaw in the hypothetical presented to the VE instead of a flaw in the RFC assessment, although the deficient RFC assessment would also infect the hypothetical based on that assessment."). Moreover, even if "the VE's testimony does not evince any confusion about the terms of the

hypothetical, the Court has an independent duty to determine if the ALJ supported her findings with substantial evidence." *Geneva W. v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-18-1812, WL 3254533, at *3 (D. Md. July 19, 2019) (citing 42 U.S.C. § 405(g)). In light of *Thomas*, this Court cannot determine whether the ALJ's findings were supported by substantial evidence without an explanation of the term "production-rate pace." *See id.*

The Commissioner further argues that the ALJ's limitations were not ambiguous and the Fourth Circuit has affirmed cases with similar limitations. Def.'s Mot. 10 (citing *Sizemore v. Berryhill*, 878 F.3d 72, 79 (4th Cir. 2017); *Michaels v. Berryhill*, 697 F. App'x 223 (4th Cir. 2017) (unpublished); *Martinez v. Saul*, 2019 WL 4130955 (4th Cir. Aug. 30, 2019)). The three cases on which the Commissioner relies are distinguishable from this case.

In *Sizemore*, the Fourth Circuit affirmed an ALJ's denial of benefits in which the ALJ included an RFC limitation to "work only in [a] low stress [setting] defined as non-production jobs [without any] fast-paced work [and] with no public contact." 878 F.3d at 79 (alterations in original). The Fourth Circuit later explained that the additional "descriptors" in *Sizemore* "helped to explain the restriction intended by the ALJ, and allowed us to evaluate whether that restriction adequately accounted for the claimant's limitations." *Perry v. Berryhill*, 765 Fed. App'x 869, 872 n.1 (4th Cir. Mar. 8, 2019) (unpublished) (remanding for ALJ's failure to define "non-production oriented work setting"). Here, the RFC did not contain the "descriptors" present in *Sizemore*. Rather, the RFC limitation to "simple, unskilled tasks with no fast pace or strict production requirements," Tr. 16, is directly analogous to the RFC limitation in *Thomas* where the claimant was limited to the ability to "follow short, simple instructions and perform routine tasks, but no work requiring a production rate or demand pace," 916 F.3d at 310.

The unpublished opinion in *Michaels v. Berryhill*, 697 F. App'x 223 (4th Cir. 2017), also is distinguishable. *Michaels* was a one-paragraph decision affirming the district court's judgment and did not contain any discussion of the phrase "nonproduction pace rates." Lastly, the ALJ in *Martinez v. Saul*, 2019 WL 4130955 (4th Cir. Aug. 30, 2019) included a parenthetical explanation for the RFC limitation: "not at a production-rate pace (such as an assembly line)." No. 3:17-cv-1862018, WL 709971, at *2 (W.D.N.C. Feb. 5, 2018). The ALJ here did not provide such an explanation.

Finally, the Commissioner argues that if the ALJ committed error, the error was harmless and Plaintiff has not identified any resulting prejudice. Def.'s Mot. 11. I disagree. Pursuant to the Fourth Circuit's decision in *Thomas*, 916 F.3d at 312, this Court cannot determine whether the ALJ's findings were supported by substantial evidence without an explanation of the terms "work that does not involve a production-rate pace." If the relevant RFC terms are "not common enough for [the court] to know what they mean without elaboration," *id.*, the Court is unable to decide whether the error in failing to explain the terms was harmless. The Court cannot decisively say that, had the ALJ defined or explained the term "production-rate pace," the VE would have opined that the hypothetical person could perform Plaintiff's past relevant work as actually or generally performed. *See Patterson v. Comm'r, Soc. Sec. Admin.*, 846 F.3d 656, 658 (4th Cir. 2017) ("Where an insufficient record precludes a determination that substantial evidence supported the ALJ's

*Richard W. v. Saul*
Civil No. 19-2316-DLB
July 17, 2020
Page 4

denial of benefits, this court may not affirm for harmless error.") (citing *Meyer v. Astrue*, 662 F.3d 700, 707 (4th Cir. 2011); *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).  Therefore, remand is warranted to allow the ALJ to explain the RFC assessment and clarify the hypothetical to the VE.

Because the case is being remanded on other grounds, I need not address Plaintiff's remaining concern: whether the ALJ provided an adequate narrative discussion to support the RFC, including "the basis for her finding that the Plaintiff was limited to performing work that did not require a production rate pace."  Pl.'s Mot. 5-6.[2]  On remand, the ALJ may consider this argument and determine whether to include additional explanations for her findings.

For these reasons, Plaintiff's Motion for Summary Judgment, ECF No. 11 is DENIED, and Defendant's Motion for Summary Judgment, ECF No. 14, is DENIED.  Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED IN PART due to inadequate analysis.  The case is REMANDED for further proceedings in accordance with this opinion.

Despite the informal nature of this letter, it should be flagged as an opinion.  A separate order follows.

                        Sincerely yours,

                        /s/

                        Deborah L. Boardman
                        United States Magistrate Judge

---

[2] Plaintiff also argues that the ALJ did not explain how she determined that Plaintiff was capable of concentrating, persisting, and maintaining pace for "80% of the workday." Pl.'s Mot. 11.  The ALJ made no such finding in this case.